**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01260

MARY WILSON,

Plaintiff,

v.

BRADLEY PETROLEUM, INC., a Colorado Corporation

Defendant.

---

PLAINTIFF'S TITLE VII COMPLAINT WITH DEMAND FOR JURY TRIAL

---

Plaintiff, Mary Wilson, by and through her attorneys, Bergman & Balach, LLC, respectfully submits her Title VII Complaint with Demand for Jury Trial. In support thereof, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff, Mary Wilson is a white female, is 52 years of age as of the date of this complaint, and resides at the following address: 1701 Whitewater Creek Road, Whitewater, Colorado, County of Mesa, 81527.

2. Plaintiff resides within this judicial district.

3. Defendant, Bradley Petroleum, Inc. is a corporation registered in the State of Colorado, with its Principal Address at 7268 Tucson Way, Centennial, County of Arapahoe, CO 80112.

4. Defendant conducts business and is incorporated within this judicial district.

5. Defendant engages in the business of buying, selling, leasing, managing, and dealing in automobile service stations and car wash facilities.

6. Defendant operates numerous facilities throughout the State of Colorado.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") claims, under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

8. This Court has supplemental subject matter jurisdiction over the claims arising under state law under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the cause of action arose and the acts and omissions complained of occurred therein.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Colorado Civil Rights Division on July 31, 2011 regarding the alleged discriminatory conduct by Defendant. *See* Exhibit 1, Charge of Discrimination

11. On March 12, 2012 Plaintiff received a "Right to Sue" letter from the Equal

Employment Opportunity Commission dated March 8, 2012. *See* Exhibit 2, Notice of Right to Sue.

## NATURE OF THE CASE

12. Defendant has discriminated against Plaintiff because of the Plaintiff's: Sex.

13. Defendant has discriminated against Plaintiff because the Defendant: subjected Plaintiff to a sexually hostile or offensive work environment and demoted/discharged Plaintiff for complaining to Defendant about the sexually hostile or offensive work environment.

## FACTUAL HISTORY

14 On or about January 26, 2010 Plaintiff was hired by Defendant.

15. Plaintiff was subsequently promoted to a district manager position in July of 2010.

16. Throughout her employment with Defendant, Plaintiff was in good standing until she was subjected to sexual discrimination which began to emerge in the workplace, beginning on April 15, 2011.

17. Sometime before April 15, 2011 one of Defendant's store managers working under the Plaintiff, stole money and merchandise from the "Store Number 18" in Grand Junction, CO.

18. On April 15, 2011 Plaintiff was at Store Number 18 repairing the safe which had been breached.

19. Simultaneously, Rick Scholl ("Mr. Scholl"), another Bradley district manager was sent by Defendant to supervise and audit Plaintiff and the stores under her control.

20. In order to repair the safe, Plaintiff was required to lie on the floor with the upper portion of her body underneath the safe.

21. As Plaintiff repaired the safe, Mr. Scholl entered the store and walked around the cash register to where Plaintiff was repairing the safe.

22. Mr. Scholl then stood over Plaintiff, squatted down on top of her, made physical contact, and simulated sexual movements.

23. While simulating sexual movements, Mr. Scholl made sexually suggestive remarks such as, "Let me help you with that baby."

24. Plaintiff, told Mr. Scholl to get off of her.

25. The events described in paragraphs 20-24 of this Complaint were captured on video ("the video") by the security camera of Store number 18.

26. Both Plaintiff and Defendant are in possession of the video.

27. Two days later, on April 17, 2011, Plaintiff contacted Mark Schlueter ("Mr. Schlueter"), a human resources employee for Defendant.

28. Plaintiff explained to Mr. Schlueter the details of the incident with Mr. Scholl, and provided a copy of the video.

29. Mr. Schlueter showed the video to another district manager, Khodor Elhajj.

30. The Defendant took no action on the Plaintiff's behalf.

31. On May 16, 2011 Plaintiff was advised by a temporary manager, Peggy Wahl, that Plaintiff had been demoted and was no longer managing Defendant's store in Silverthorne.

32. On May 17, 2011, Plaintiff received a phone call from Mr. Scholl explaining that he in fact was taking over supervision of the Silverthorne store.

33. Plaintiff tendered her resignation to Defendant on May 18, 2011 citing, in particular as her reasons, the circumstances surrounding the sexual harassment and subsequent demotion after reporting the incident to Defendant's human resources department.

34. Upon receipt of Plaintiff's letter of resignation, Defendant immediately opted to terminate Plaintiff.

## COUNT I
## (Title VII)
## Sexual Harassment

35. Plaintiff fully incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

36. Plaintiff was employed by Defendant in the position of district manager.

37. Mr. Scholl was employed by Defendant.

38. Mr. Scholl was sent by Defendant and on behalf of Defendant to audit the stores under Plaintiff's management and to directly supervise the plaintiff.

39. Mr. Scholl made physical contact of a sexual nature with Plaintiff.

40. Mr. Scholl made sexually suggestive remarks while performing the physical act.

41. The sexual conduct of Mr. Scholl was not welcomed by Plaintiff.

42. Mr. Scholl's conduct was sufficiently severe so as to unreasonably interfere with Plaintiff's work performance.

43. Mr. Scholl's conduct was sufficiently severe so as to create a hostile work environment.

44. Mr. Scholl's conduct was sufficiently severe so as to create an offensive work environment.

45. Defendant did not exercise reasonable care to prevent sexual harassment or sexually harassing behavior.

46. The Plaintiff contacted Defendant's human resources within three days of the incident to complain about the conduct.

47. Plaintiff was first demoted, and then ultimately fired after reporting the harassment.

48. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits, other monetary losses, and non-economic losses.

## COUNT II
## (Title VII)
## Retaliatory discharge

49. Plaintiff hereby incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

50. Plaintiff reported the incident involving the sexual harassment of April 15, 2011 to Defendant's human resources department within three days of its occurrence.

51. Defendant did not take any action on Plaintiff's behalf.

52. Subsequent to Plaintiff reporting her complaint to Defendant's human resources department, Defendant demoted Plaintiff.

53. As result of the sexual harassment and subsequent demotion, Plaintiff tendered her resignation to Defendant.

54. Defendant then opted to terminate Plaintiff.

55. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of

her job, lost wages, benefits, other monetary losses, and non-economic losses.

COUNT III
(Title VII)
Constructive Discharge

56. Plaintiff hereby incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

57. Defendant subjected Plaintiff to sexual harassment.

58. Plaintiff was forced to resign her employment because Defendant created intolerable working conditions.

59. A reasonable person would have found Plaintiff's working conditions to be intolerable.

48. Defendant intended to make Plaintiff's working conditions intolerable.

49. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits, other monetary losses, and non-economic losses.

COUNT IV
(C.R.S. 24-34-402)
Sexual Harassment

50. Plaintiff hereby incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

51. Plaintiff was subjected to a hostile work environment based upon her sex.

52. Plaintiff complained of sexual harassment to Defendant's human resources department.

53. Defendant's human resources department failed to initiate a reasonable investigation of the complaint.

54. Defendant did not take prompt remedial action.

55. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits, other monetary losses, and non-economic losses.

COUNT V
(C.R.S. 24-34-402)
Retaliatory Discharge

56. Plaintiff hereby incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

57. Defendant demoted Plaintiff after she complained of sexual harassment to Defendant's human resources department.

58. After being demoted Plaintiff tendered her resignation and Defendant immediately terminated her employment.

59. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits, other monetary losses, and non-economic losses.

COUNT VI
(C.R.S. 24-34-402)
Constructive Discharge

60. Plaintiff hereby incorporates by reference each allegation of each preceding paragraphs as if fully stated herein.

61. Defendant subjected Plaintiff to sexual harassment.

62. Plaintiff was forced to resign her employment because Defendant had created intolerable working conditions.

63. A reasonable person would have found Plaintiff's working conditions to be intolerable.

64. Defendant intended to make Plaintiff's working conditions intolerable.

65. As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits, other monetary losses, and non-economic losses.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment as follows:

A. declaring that Defendant’s actions and practices violated Title VII;

B. declaring that Defendant’s actions and practices violated C.R.S. 24-34-402;

B. directing Defendant to make Plaintiff whole by providing her reinstatement (or, in the alternative, front pay), back pay, and reimbursement for lost Social Security and other benefits;

C. directing Defendant to pay Plaintiff compensatory damages for her emotional distress from the sexual harassment, demotion, and termination;

D. directing Defendant to pay Plaintiff’s punitive damages sufficient to punish and deter continuation of Defendant’s unlawful employment practices;

E. awarding Plaintiff reasonable attorney’s fees and costs, as provided by Title VII; and

F. granting additional relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 14th day of May, 2012.

Respectfully submitted,

By: /s/ Adam N. Balach
________________________________
Adam N. Balach

Bergman & Balach, LLC
1125 17th Street, Suite 2350
Denver, Colorado 80202
(303) 889-9628
adam@askadamlegal.com
Attorneys for Plaintiff

4829-2635-8543, v. 1