**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 12-CV-01260-RPM**

---

**MARY WILSON,**

**Plaintiff,**

v.

**BRADLEY PETROLEUM, INC., a Colorado Corporation,**

**Defendant.**

---

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Defendant, Bradley Petroleum, Inc. ("Bradley"), hereby files this Reply Brief in support of its Motion for Summary Judgment ("Motion").

## INTRODUCTION

Plaintiff Mary Wilson's ("Wilson") response brief to Bradley's Motion ("Pl. Resp.") does little to challenge Bradley's arguments and legal authority. For example, despite Bradley's singular focus on Wilson's inability to meet the severity requirement for her hostile environment/sexual harassment claims, Wilson discusses the elements of actual knowledge and adequate response. Bradley's Motion does not rest on these elements, however, because (despite the strong arguments in Bradley's favor) there are factual disputes on the issue of Bradley's knowledge that preclude summary judgment.[1]

---

[1] Mark Schlueter testified that he repeatedly urged Wilson to report the incident to upper management, whereas Wilson claims that Schlueter told her not to make a report. *Compare* Ex. D (Schlueter Dep.) (attached), 42:18-44:24; 49:3-50:12 *with* Ex. B (Wilson Dep.), 55:5-14. Likewise, despite Anna Ciciora's testimony that she did not learn of the

Wilson's assertions as to facts and law concerning these elements are therefore irrelevant. At the same time, Wilson makes no effort to address the governing precedent Bradley cites that establishes her inability to meet the severity requirement here as a matter of law. Instead, Wilson simply resorts to exaggeration of the four-second conduct at issue in a futile attempt to equate it with a serious physical assault.

Wilson's response to Bradley's arguments regarding her "discharge" claims is equally without merit. As to her constructive discharge claims, Wilson simply concedes Bradley's position. Wilson also effectively abandons her retaliatory discharge claim by arguing solely that retaliatory acts other than termination support a retaliation claim. However, because Wilson did not exhaust her administrative remedies for retaliation claims based on these other alleged acts, she is now barred from pursuing them.

In sum, Wilson has not effectively countered any of the arguments Bradley raised in its Motion, thereby establishing the basis for the summary judgment relief Bradley requests in its Motion.

## LEGAL ARGUMENT

### I. WILSON CANNOT MEET THE SEVERITY REQUIREMENT FOR HER SEXUAL HARASSMENT/HOSTILE ENVIRONMENT CLAIMS.

Conduct serving as the basis for a Title VII hostile environment claim must be so severe or pervasive that it creates an objectively hostile or abusive work environment. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 1003, 140

---

Scholl incident until after Wilson resigned, Wilson continues to speculate that Ciciora must have somehow known about it. *Compare* Ex. A (Ciciora Aff.), ¶ 7 *with* Pl. Resp., p. 2.

L. Ed. 2d 201 (1998). Conduct that is merely boorish, juvenile, tasteless, or vulgar does not meet this standard. *Id.*; *Morris v. City of Colo. Springs*, 666 F.3d 654, 663-64 (10th Cir. 2012); *Bertsch v. Overstock.com*, 684 F.3d 1023, 1028 (10th Cir. 2012). In a futile attempt to meet this standard and heighten the severity and seriousness of the conduct at issue, Wilson resorts to exaggeration by claiming that Scholl "gets on top of her, and performs sexual movements with his crotch in her face and rubbing on her belly." Resp., p. 1. Both the video footage of the incident and Wilson's own deposition testimony belie this characterization. *See* Ex. G (Video); Ex. B (Wilson Dep.), 40:6-10.

As to her legal argument concerning Scholl's conduct, Wilson proffers only the single conclusion that "it is reasonable that a person in Plaintiff's position would feel physically assaulted, threatened, and humiliated." Pl. Resp., ¶ 20. Wilson cites no supporting cases for her conclusion and takes no account of the "extremely serious" conduct requirement in isolated incident cases such as this. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) ("[I]solated incidents (unless extremely serious) will not amount to a hostile work environment."). Nor does Wilson address any of the cases Bradley cites, in which courts found that conduct more far more egregious than Scholl's conduct here was insufficient to meet the severity requirement as a matter of law.

Wilson's unsupported and solitary conclusion is not sufficient to show that Scholl's juvenile horseplay is within the purview of "actionable conduct" under Title VII. *See Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (unsupported conclusory allegations do not create a genuine issue of fact precluding summary

judgment). Her inability to meet this burden entitles Bradley to judgment in its favor on the Count I and Count IV sexual harassment claims.

## II. WILSON CONCEDES THE LACK OF ACTIONABLE CONDUCT FOR HER CONSTRUCTIVE DISCHARGE CLAIMS.

Wilson concedes Bradley's arguments concerning the lack of actionable conduct in support of her constructive discharge claims, stating: "Wilson does not contest Defendant's motion as it pertains to her Constructive Discharge claims." Pl. Resp., ¶ 20. Given this concession, and based upon the argument Bradley presents in its Motion, Bradley is entitled to judgment in its favor on the Count III and Count VI constructive discharge claims.[2]

## III. NO FACTUAL BASIS SUPPORTS WILSON'S RETALIATORY DISCHARGE CLAIMS.

Wilson has not met her burden of coming forward with evidence that she was subjected to an adverse employment action in support of her Count II and Count V "Retaliatory Discharge" Claims. To the contrary, in apparent acknowledgement of the strength of Bradley's argument that no actual termination occurred, Wilson's response argument avoids entirely any reference to her alleged "discharge." *See* Pl. Resp., ¶¶ 21-30. Instead, Wilson argues that other acts of "demotion, scrutiny and sabotage by Anna Ciciora" sufficiently support her retaliation claims. *Id.*, ¶¶ 25-26, 28. Wilson's

---

[2] Should Wilson's hostile environment claims survive summary judgment, the withdrawal of her constructive discharge claims, coupled with her inability to establish an actual termination, will preclude recovery of any back and front pay. *See Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1237 (10th Cir. 2000) (where jury rejected the plaintiffs' constructively discharge claims, the district court did not err in concluding that they were not entitled to back or front pay).

attempt to recast her retaliation claims must be rejected, however, because she failed to exhaust her administrative remedies with respect to these other alleged acts of retaliation, thereby depriving this Court of jurisdiction over such claims.

It is a jurisdictional prerequisite for Title VII claims, including retaliation claims, to be administratively exhausted before initiating an action in federal court. *Annett*, 371 F.3d at 1238. Furthermore, "each discrete retaliatory action treatment constitutes its own 'unlawful employment practice for which administrative remedies must be exhausted.'" *Id.* (emphasis added), quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). Accordingly, plaintiffs must exhaust their administrative remedies as to each individual retaliatory act and courts have no jurisdiction over retaliation claims based upon retaliatory acts not described in the administrative charge. *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1314 (10th Cir.2005) (plaintiff's retaliation claim properly dismissed by trial court where plaintiff failed to file an EEOC charge detailing the alleged adverse action); *Annett*, 371 F.3d at 1238 (dismissing portion of retaliation claims based upon acts that plaintiff did not include in her Charge of Discrimination for failure to exhaust administrative remedies).

Wilson's Charge of Discrimination raised only a claim of retaliatory discharge. *See* Resp., at Ex. 5 (Charge of Discrimination). Specifically, Wilson alleged:

> "On or about May 18, 2011 I was discharged. I believe I was discriminated against based upon my protected class and/or in retaliation for engaging in protective activity."

*Id.* Wilson did not reference either a "demotion" or any acts of "scrutiny and sabotage" as the basis of her Charge of Discrimination. Having failed to administratively exhaust

any Title VII retaliation claims based upon these acts, the Court may not consider them as a basis for her Count II and Count V retaliation claims for want of jurisdiction. *See Logsdon v. Turbines, Inc.*, 399 F. App'x 376, 379-380 (10th Cir. 2010) (dismissal of Title VII wrongful termination claims required where plaintiff failed to exhaust her administrative remedies by only fleetingly referencing discharge in her Charge of Discrimination); *Martinez v. Target Corp.*, 384 F. App'x 840, 846 (10th Cir. 2010) (trial court properly dismissed demotion and class claims where plaintiff did not allege facts supporting such claims in her EEOC charge).

Because Wilson cannot establish the act of termination in support of her retaliatory discharge claim, and cannot rely on any other alleged acts of retaliation, summary judgment should be entered in Bradley's favor on Wilson's Count II and Count V retaliatory discharge claims.[3]

## CONCLUSION

The undisputed material facts in this case plainly establish Wilson's inability to prevail at trial on any of the claims she has asserted against Bradley, rendering a trial a

[3] In any event, Wilson's allegation of a "demotion" is without merit. The reassignment of her Silverthorne store to another district did not impact Wilson's title, salary, or duties in managing the other gas stations within the Grand Junction District and only reduced by 1/8th her opportunity to earn a $100 quarterly bonus (for which she never previously qualified as District Manager of the Silverthorne store). *See* Ex. B (Wilson Dep.), 9:21-12:13; 28:2-24. The de minimis impact on Wilson's bonus opportunity does not qualify as an "adverse action" under Title VII as a matter of law. *See E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) ("A plaintiff must show that the alleged adverse action caused more than 'de minimis harm' to or a 'de minimis impact' upon an employee's job opportunities or status."); *Tran v. Trustees of State Colleges in Colo.*, 355 F.3d 1263, 1268 (10th Cir. 2004) (two reassignments that involved no hardship to the plaintiff other than a requirement to develop new skills held not adverse).

waste of substantial time and resources. Accordingly, for the reasons set forth in Bradley's Motion and above, Bradley respectfully requests the Court to grant summary judgment in its favor, and against Wilson, on all claims.

Dated: July 10, 2013.

Respectfully submitted,

WELBORN SULLIVAN MECK & TOOLEY, P.C.

*/s/ William R. Rapson*
William R. Rapson, #4897
1125 17th Street, Suite 2200
Denver, Colorado 80202
(303) 830-2500
brapson@wsmtlaw.com

*/s/ Danielle V. Wiletsky*
Danielle V. Wiletsky, # 28839
1125 17th Street, Suite 2200
Denver, Colorado 80202
(303) 830-2500
dwiletsky@wsmtlaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2013, I electronically filed the foregoing via email to the following email address and a hard copy via U.S. mail as follows:

adam@taussiglaw.com

Adam N. Balach, Esq.
Taussig & Taussig, PC
5377 Manhattan Cir., Ste. 204
Boulder, CO 80303

*/s/ Trudie L. Richardson*
Trudie L. Richardson